{¶ 88} I concur in Judge Wise's analysis and disposition of Appellant's first, fourth, fifth, sixth, seventh, eight and ninth assignments of error.
 {¶ 89} I concur in Judge Wise's disposition of Appellant's third assignment of error. I agree the trial court did not abuse its discretion in admitting the e-mails because they relate to the solicitation charge. But, I find the prejudicial value of the pictures so greatly outweighed their probative value, the trial court abused its discretion by admitting them. Nonetheless, I find such error to be harmless error in light of all the other properly admitted evidence including the verbal description of the photographs rendered admission of the photographs themselves cumulative.
 {¶ 90} I also concur in Judge Wise's analysis and disposition of Appellant's second assignment of error. I write separately only to voice my reluctance to accept the State of Ohio's theory time not spent "about the master's business" is theft of services. I accept there may be situations where such theory applies. But to suggest it applies in situations such as the one presented herein where the employee is in the employer's workplace and completes all tasks assigned but engages in other personal matters during his or her idle time is a slippery slope. Under the State of Ohio's interpretation, a person who reads the newspaper, works the daily crossword puzzle, engages another employee in personal conversation, or merely daydreams or dozes off may be charged with theft in office. Theoretically under the statute, the amount of time idly spent affects only the degree of the offense. To suggest this prosecution was commenced because *Page 19 
of the amount of idle time involved as opposed to the nature of how the idle time was spent is, I believe, disingenuous. *Page 20